TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0174-KB

IN RE: TERRY RISNER

**IN SUPREME COURT**

**<u>OPINION AND ORDER</u>**

Terry Risner (Risner) was admitted to the practice of law in the Commonwealth of Kentucky on April 25, 1986, and his Kentucky Bar Association (KBA) number is 81538. His bar roster address is 534 W. Main St., Mount Carmel, TN 37645. On April 9, 2024, the Board of Professional Responsibility of the Supreme Court of Tennessee (the Board) issued an order publicly censuring Risner. The KBA filed a petition for reciprocal discipline pursuant to (SCR) 3.435. For the following reasons, we impose identical reciprocal discipline as required by [Kentucky Rule of the Supreme Court (SCR)] 3.435(4).

Risner was found guilty by the Supreme Court of Tennessee of violating Tennessee Rule of Professional Conduct (RPC) 3.4 (fairness to opposing party), 1.3 (diligence), and 8.4(d) (prejudice to the administration of justice). Risner was hired to represent a client in a criminal appeal but failed to file an appellate brief. The appellate court gave Mr. Risner two additional opportunities to file the brief, but Mr. Risner failed to follow the court's orders on both occasions.

Kentucky's SCR 3.130(3.4)(c) and SCR 3.130(1.3) are comparable to Tennessee's Rules of Professional Conduct (RPC) 3.4 and 1.3. There is no corresponding rule in Kentucky for Tennessee's RPC 8.4(d). However, the rules need not be identical for this Court to impose reciprocal discipline.

An order for Risner to show cause why a reciprocal order should not be entered against him was entered on April 24, 2024. Risner filed a response to the show cause on June 25, 2024. Risner states that his recent suspension by the Board was primarily precipitated by a concern related to noticeable cognitive decline. Risner was ordered to obtain a cognitive evaluation. The first evaluation was performed, and it was determined in that evaluation that Risner had significant hearing loss and no significant cognitive issues. He submitted this evaluation to the Board, but it was rejected because the agency that performed the evaluation lacked sufficient training and credentials to be qualified to complete it. Risner then obtained a second evaluation. This one was performed by a licensed psychologist. The second evaluation also confirmed that Risner had a hearing issue but not a cognitive issue. Risner has since obtained hearing aids and is in the process of appealing for reinstatement by the Board.

Risner's response to the show cause order does not address the April 9, 2024, public censure that was entered in Tennessee. His response addresses a March 22, 2024, order by the Tennessee Supreme Court granting the Board's petition for temporary suspension and evaluation or examination.

2

Therefore, as he has not shown cause as to why reciprocal discipline should not be imposed. Pursuant to SCR 3.435(4), the Court Orders:

1.) A public reprimand shall be entered against Risner;

2.) In accordance with SCR 3.450, Risner shall pay all costs associated with these disciplinary proceedings against him, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 26, 2024.

_____
CHIEF JUSTICE

3